**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| SAMUEL E. FORKKIO, *et al.*, | * | |
| Appellants, | * | |
| v. | * | Civil Action No. AW-04-3188 |
| MARIO ANDREA, | * | |
| Appellee. | * | |

*****

**MEMORANDUM OPINION**

This action involves an appeal by Samuel E. Forkkio ("Samuel Forkkio") and John A. Forkkio ("John Forkkio") (collectively, "Appellants") of the December 27, 2004 Order of the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court") Excepting Debt from Discharge and Entering Judgment in Favor of Plaintiff. Specifically, Appellants argue that the Bankruptcy Court erred in excepting the debt of Mario Andrea ("Andrea" or "Appellee") from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(4). The Court has reviewed the entire record, as well as the Pleadings with respect to the appeal. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court deny Appellants' appeal and affirm the judgement of the Bankruptcy Court.

**I.  FACTUAL & PROCEDURAL BACKGROUND**

Appellants are naturalized American citizens who were born in Ghana, West Africa. Appellants were two of four originators of a closely held corporation named American Telecom Systems (Ghana), Limited ("ATS"). The purpose of ATS was to establish and market a paging system in Ghana.

1

Appellants met Appellee in 1984; Appellants were customers of Appellee's jewelry store. Appellants became friends with Appellee, forming a friendship that would eventually develop into a business relationship.

In late 1996, Appellee invested $40,000.00 in Appellants' company, ATS. In January 1997, Appellee mortgaged his home. This mortgage raised $180,000.00, which Appellee promptly invested in ATS. In July 1997, Appellee invested $50,000.00 in ATS. In 1998, Appellee invested an additional $65,000.00 in ATS. Thereafter, Appellee continued to invest smaller amounts of money in ATS. By 1999, Appellee had invested nearly $586,754.88 of his own money in Appellants' company.

Appellants subsequently filed for bankruptcy. During the course of the bankruptcy proceeding, it became clear that Appellants failed to keep any records of the money loaned to ATS by Appellee, and that ATS — rather than a business venture — was in fact a scheme to defraud Appellee, among others, of his money.

On January 21, 2003, Appellee filed suit against Appellants objecting to the dischargeability of the money he invested with ATS in conjunction with Appellants' debt. On April 20, 2004, April 21, 2004, and June 16, 2004, the Bankruptcy Court held a trial in this matter. On August 26, 2004, the Bankruptcy Court entered an Order Excepting Debt from Discharge and Entering Judgment in Favor of Plaintiff. On October 7, 2004, Appellants appealed this Order. Appellants' appeal is now ripe for review and the Court will issue an Opinion.

## II.     STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's findings of fact under the clearly erroneous standard and its conclusions of law *de novo. In re Tudor Assocs., Ltd. II*, 20 F.3d 115, 119 (4th Cir. 1994). A

finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

### III.   ANALYSIS

Section 523(a) of the Bankruptcy Code provides, in pertinent part:

> (a) A discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt —
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by —
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A). As such, "Section 523(a)(2)(A) provides that an individual debtor will not be discharged from any debt for money ... to the extent obtained by false pretenses, a false representation, or actual fraud ..." *In re Groover*, 2004 WL 212948, * 4 (Bankr. M.D.N.C. 2004); *See In re Biondo*, 180 F.3d 126, 135 (4th Cir. 1999) ("One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation.").

In order to demonstrate an exemption from discharge under Section 523(a)(2), Appellee must demonstrate: (1) a fraudulent misrepresentation; (2) that induced Appellee act or refrain from acting; (3) causing harm to Appellee; and (4) Appellee's justifiable reliance on the misrepresentation. *In re Biondo*, 180 F.3d at 135. The Bankruptcy Court clearly detailed fraudulent misrepresentations made by Appellants

to Appellee, and found that these representations "were false and made with the sole purpose of swindling the Plaintiff." The Bankruptcy Court explained that Appellee relied upon these representations in making the decision to invest money in Appellants' scheme, and that this decision plainly caused harm to Appellee.

Appellants argue that Appellee was not justified in relying upon Appellants' misrepresentations, and therefore Section 523(a)(2) should not apply in the instant case. The Court disagrees. The Supreme Court has found that Section 523(a)(2) is subject not to a reasonable reliance standard but only requires that a creditor justifiably relied upon fraudulent misrepresentations. *Fields v. Mans*, 516 U.S. 59, 70 (1995). In *Fields*, the Court overturned the judgment of a bankruptcy court that applied a reasonable person test to Section 523(a)(2), entailing a duty to investigate. *Id.* at 77. In rejecting this approach, the Court stated that the standard applied by the bankruptcy court, which asked "what would be reasonable for a prudent man to do under those circumstances," "clearly exceeds the demand of justifiable reliance that we hold to apply under § 523(a)(2)(A)." *Id.*

So too here, the Bankruptcy Court's determination that Appellee failed to investigate statements by Appellants that were incredible and unworthy of belief does not preclude exemption of Appellee's debt under Section 523(a)(2)(A). Under *Fields*, it is irrelevant that Appellee was an unsophisticated investor who "went willingly to his financial slaughter," failing to take precautions that a reasonably prudent man might take under the circumstances. The only consideration in play is whether, given his shortcomings and imprudence as an investor, Appellee justifiably relied upon the representations of Appellants in making the decision to invest with ATS. The Bankruptcy Court determined that this was the case, and this Court cannot judge this finding clearly erroneous. As such, the Court will deny Appellant's appeal.

**IV.    CONCLUSION**

For all of the aforementioned reasons, the Court will DENY Appellant's Appeal of the December 27, 2004 Order of the Bankruptcy Court. An Order consistent with this Opinion will follow.

<u>May 9, 2005</u>                                                                               <u>          /s/                              </u>
Date                                                                                                Alexander Williams, Jr.
                                                                                                         United States District Judge